IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRMA PEREZ, JOHN ESPINO, JOSHUA ESPINO, JEREMY ESPINO, and MANUEL ESPINO,<br><br>                Plaintiffs,<br><br>   vs.<br><br>THE CITY OF HASTINGS, NEBRASKA; ADAMS COUNTY, NEBRASKA;  THE STATE OF NEBRASKA; JOHN AND JANE DOE(S) 1 THROUGH 10, in both their official and individual capacities; RICK SCHMIDT, in both his official and individual capacity; RAELEE VAN WINKLE, in both an official and individual capacity; JERRY ESCH, in both his official and individual capacity; MICHAEL DOREMUS, in both his official and individual capacity; KELLY SCARLETT, in both his official and individual capacity; ALYSON KEISER ROUDEBUSH, in both her official and individual capacity; and ALLEN DEDLAK, in both his official and individual capacity,<br><br>                Defendants. | 4:16CV3158<br><br>**MEMORANDUM<br>AND ORDER** |

      This case arises from what plaintiffs Irma Perez ("Perez"), John Espino, Joshua Espino, Jeremy Espino, and Manuel Espino (collectively, "plaintiffs") describe as a "disturbance" that occurred in Hastings, Adams County, Nebraska, on August 13, 2011.[1]

---

[1] In the body of their Amended Complaint, the plaintiffs refer to "Plaintiff Juan Anthony Espino" (hereinafter, "Espino") and describe him as a central player in the disturbance and subsequent events.  However, unless the name "Juan Anthony Espino" is an undisclosed alias for plaintiff John Espino (as the County defendants reasonably venture to guess) it does not appear Espino is a named party in this case.  *See* Fed. R. Civ. P. 10(a); *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006).

In their Amended Complaint (Filing No. 1-1), the plaintiffs, all of whom are Hispanic, assert state and federal claims against the defendants, alleging "the investigation, arrest, confinement, and prosecution of the Plaintiffs" following the domestic disturbance were unlawful and racially motivated.

Now before the Court are multiple dispositive motions filed by the various defendants. Defendant the State of Nebraska ("State") moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (Filing No. 9). Defendants Adams County, Nebraska and Alyson Keiser Roudebush ("Roudebush" and collectively, "County defendants") move to dismiss the case pursuant to Rule 12(b)(6) and (d) (Filing No. 12). Defendants City of Hastings, Rick Schmidt ("Schmidt"), Raelee Van Winkle ("Van Winkle"), Jerry Esch ("Esch"), Michael Doremus ("Doremus"), Kelly Scarlett ("Scarlett"), and Allen Sedlak[2] ("Sedlak" and collectively, "City defendants") move to dismiss the plaintiffs' federal claims pursuant to Rule 12(b)(6) and move for partial summary judgment on the remaining claims pursuant to Federal Rule of Civil Procedure 56 (Filing No. 15). For the reasons stated below, the Court finds the plaintiffs' federal claims should be dismissed and their state claims should be remanded to state court.

## I. BACKGROUND[3]

In the early morning hours of August 13, 2011, Jennifer Lopez ("Lopez"), Espino, and some of the plaintiffs' other friends and family were involved in a domestic disturbance in Hastings, Nebraska. The police were called, and Hastings Police Department Officers Schmidt, Van Winkle, Esch, Doremus, Kelly, and Scarlett

---

[2]In the caption of their Amended Complaint, the plaintiffs identify "Allen Dedlak" as a defendant. The body of the Amended Complaint and the Summons refer to "Allen Sedlak." The City defendants explain "Sedlak" is correct, so the Court uses that.

[3]The factual background is primarily drawn from the Amended Complaint. In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) and a facial attack on subject-matter jurisdiction under Rule 12(b)(1), the Court accepts the factual allegations in the complaint as true and construes all reasonable inferences in the plaintiff's favor. *See*, *e.g.*, *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

responded. The officers interviewed witnesses and arrested Espino based on Lopez's complaint.

During the disturbance, Perez telephoned Alma Rose Infante ("Infante") for help in settling the disturbance. The two went to the scene and spoke with the people involved. "Infante's mission was to determine the truth," not to interfere with the police investigation. Hoping to ensure "the underlying complaint against their family member [would] be fairly and fully investigated," the plaintiffs developed the "impression that the investigating HPD Officers were more interested in coaching witnesses in order to build a case against them or their family members, than they were interested in getting to the truth about the Disturbance."

On August 15, 2011, Espino was charged with domestic assault and was later bound over for trial. That same day, Shawn Parks, who was at the scene of the domestic disturbance and had a prior relationship with the police as a confidential informant, participated in a conversation with Doremus during which Doremus stated, "Maybe if we put pressure on them and you put enough pressure on them, they'll get the hell out of this neighborhood."

On December 29, 2011, the plaintiffs were arrested by unspecified officers and charged with conspiracy and witness tampering. The arrest warrants were based on information that was more than ninety days old and the supporting documentation "contained false and misleading information." The plaintiffs were held "in maximum security confinement" for five days.

Roudebush, the Adams County Deputy County Attorney, prosecuted the cases in the District Court of Adams County, Nebraska ("Adams County District Court"). An unspecified plaintiff was acquitted after a jury trial. The remaining plaintiffs filed pleas in abatement, which were sustained in October 2012. In dismissing the charges, the trial court "criticized the preliminary proceedings." According to the plaintiffs, their

3

"investigation, arrest, confinement and prosecution subjected them to a considerable amount of ridicule and destroyed their good reputation."

On April 7, 2016, the plaintiffs sued the defendants in Adams County District Court, asserting claims under state and federal law. They filed an Amended Complaint on September 27, 2016. In their Amended Complaint, the plaintiffs assert eight claims: (1) malicious prosecution; (2) false arrest and imprisonment; (3) negligence; (4) intentional infliction of emotional distress; (5) libel and slander per se; (6) false-light publicity; (7) joint-venture false-light publicity; and (8) deprivation of their "rights guaranteed by the First, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States," in violation of 42 U.S.C. § 1983. In describing their claims, the plaintiffs make little effort to differentiate between the defendants.

On October 12, 2016, the defendants jointly removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. The defendants maintain this Court has federal-question jurisdiction over the plaintiffs' civil-rights claims under 42 U.S.C. § 1983 and supplemental jurisdiction over their state-law claims. *See* 28 U.S.C. §§ 1331, 1367. The plaintiffs did not challenge removal.

On November 18, 2016, the State moved to dismiss this case, asserting, among other things, that the plaintiffs' (1) state- and federal-law claims are barred by sovereign immunity; (2) state-law claims are barred by the Nebraska State Tort Claims Act ("NSTCA"), Neb. Rev. Stat. § 81-8,209 *et seq.*; and (3) negligence claims fail "to state a cognizable cause of action." *See* Fed. R. Civ. P. 12(b)(1), (6). The City defendants and County defendants each followed suit on November 21, 2016, arguing, in part, that the Amended Complaint fails to state a claim on various grounds. *Id.* Asserting the plaintiffs failed to comply with the Nebraska Political Subdivisions Tort Claims Act ("NPSTCA"), Neb. Rev. Stat. § 13-901 *et seq.*, the City defendants also move for partial summary judgment on the plaintiffs' state-law claims. *See* Fed. R. Civ. P. 56.

4

The plaintiffs oppose dismissal, contending "What we have at this point are bald assertions, in their respective briefs, that the State of Nebraska, Adams County, and the City of Hastings are protected from Plaintiffs' state law claims by reason of the" NSTCA and NPSTCA. As the plaintiffs see it, "the assertions of immunity by the State, the County, and the City, are insufficient for the purposes of a definitive ruling on their respective motions." With respect to their § 1983 claims, the plaintiffs maintain they have "sufficiently alleged that individual Defendants, including those now being denominated as John and Jane Doe, have violated Plaintiff's rights to due process and equal protection under the Fourteenth Amendment." The plaintiffs seek damages, attorney fees, and costs.

## II. DISCUSSION

### A. Standards of Review

The party asserting subject-matter jurisdiction in the federal courts bears the burden of proving jurisdiction is proper. *See*, *e.g.*, *Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016). A motion to dismiss under Rule 12(b)(1) can either attack the plaintiff's claim of jurisdiction based on the face of the complaint or its underlying factual basis. *See*, *e.g.*, *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (internal citations omitted).

Federal Rule of Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, 'it stops short of the line between possibility and plausibility'" and must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 556-57).

If a court considers matters outside the complaint in deciding a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under Rule 56(a), the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

### B. The Doe Defendants

In the Amended Complaint, the plaintiffs name as defendants "John and Jane Doe(s) 1 through 10, In Both Their Official And Individual Capacities." The Federal Rules of Civil Procedure do not contain any provisions for suing unknown parties, and it is generally "impermissible to name fictitious parties as defendants" in federal court. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "an action may proceed against a party whose name is unknown if the complaint makes allegations

6

specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Id.*

The plaintiffs allege, without elaboration, that "John and Jane Doe(s) 1 through 10 are employees and/or agents of the City, the County, and/or the State, the full identities of whom will be determined during discovery in this case. Each of them are [sic] named herein in both their respective official and their individual capacities." The plaintiffs' only other reference to the Doe defendants is regarding their claim under 42 U.S.C. § 1983, where they assert they bring the claim "for the purpose of having declared and adjudged unconstitutional, the actions of the Defendants and John and Jane Doe(s) 1 through 10, with respect to Plaintiffs' treatment."

The County defendants and City defendants both move to dismiss this case on behalf of John and Jane Doe(s) 1 through 10 without discussing the fact that the Does are unknown and have been sued in both their official and individual capacities. For its part, the State maintains any State "John and Jane Does have only been served in their official capacities, and therefore actions against them are actions against the State."

In response, the plaintiffs assert they have "made allegations specific enough . . . to permit identification of the unnamed Defendants after reasonable discovery." The plaintiffs further contend "[t]he State of Nebraska John and Jane Does have been served with a complaint that clear [sic] indicates they are being sued both in their official capacities and in their individual capacities, putting them squarely on notice." According to the plaintiffs, "the State Does have been served in the only manner possible at this stage, which is to say they were served, in both capacities, by service upon the State of Nebraska, in the manner prescribed by law."

The plaintiffs provide no support for their assertion that their purported service on the broadly described Doe defendants by mail at work in their official capacities automatically constitutes service on them in their individual capacities, even though their

7

identities remain unknown. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01(1). It is also not clear from the plaintiffs' submissions that the plaintiffs' broad allegations that unnamed officials at some level of government may have participated at some point in an allegedly unlawful "course of conduct" lasting more than a year are sufficiently detailed to warrant an exception to the general rule restricting the use of fictitious defendants in federal court. *See Estate of Rosenberg*, 56 F.3d at 37. The Court also questions whether the named City and County defendants and their counsel have authority to respond for the as yet unidentified Doe defendants in their individual capacities and seek dismissal on their behalf. *Cf. Ballinger v. Cedar County*, 810 F.3d 557, 559 (8th Cir. 2016) (explaining the district court should not have included the John and Jane Does in its Rule 12(b)(6) dismissal "because the Does were never before the district court").

In any event, the Court finds it unnecessary to resolve these issues at this time given the Court's disposition of this case, as discussed more fully below.

### C. Section 1983

The plaintiffs' only federal claims purportedly arise under § 1983. "A claim under § 1983 must allege that conduct of a defendant acting under color of state law deprived a plaintiff of a right, privilege, or immunity secured by the constitution or the laws of the United States." *Hott v. Hennepin County*, 260 F.3d 901, 905 (8th Cir. 2001). "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

A municipality "may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." *Id.* A municipality can be liable under § 1983 for a constitutional violation only if the violation resulted from an official policy, an unofficial custom, or "a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

8

An official policy results from "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). To establish liability based on an unofficial custom, the plaintiff "must demonstrate: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014).

To establish § 1983 liability for a failure to train or supervise, the plaintiff must show (1) the municipality's training or supervision procedures were inadequate; (2) it "was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train [or supervise] reflects a deliberate or conscious choice'"; and (3) the alleged deficiency in the municipality's training or supervision "procedures actually caused the plaintiff's injury." *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). "In other words, the plaintiff must demonstrate that the city 'had notice that its procedures were inadequate and likely to result in a violation of constitutional rights.'" *Id.* (quoting *Thelma D. ex rel. Delores A. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 934 (8th Cir. 1991)).

In this case, the plaintiffs seek to redress alleged violations of "the rights guaranteed by the First, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States." As noted above, in pleading their various state and federal claims, the plaintiffs make little effort to differentiate between the various governmental and individual defendants they have named and the capacities in which they are sued. Most often making blanket allegations against "the Defendants" as a group, the plaintiffs fail to

identify the degree to which any particular defendant is involved in the different allegations of misconduct.

That failure makes it much more difficult to analyze the plaintiffs' § 1983 claims against each individual defendant. *See*, *e.g.*, *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (explaining that a defendant can only be held liable for a constitutional violation under § 1983 if their actions caused the constitutional violation). But the Court is not without guidance. The Court recently examined very similar § 1983 claims brought by Infante based on, as the plaintiffs put it, "the same series of events about which the Plaintiffs here complain." *See Infante v. City of Hastings*, No. 4:15CV3047, 2015 WL 5167267, at *1 (D. Neb. Sept. 3, 2015). Indeed, the plaintiffs, who have the same counsel as Infante, concede "[m]any of the core facts are the same" but suggest "the Perez pleading is significantly amplified."

In *Infante*, the Court dismissed the § 1983 claim against the State with prejudice because "[n]either a state nor its employees acting in their official capacities are 'persons' under 42 U.S.C. § 1983." *Id.* at *4. Noting the limitations on governmental liability, the Court decided Infante's factual allegations were insufficient to support a claim that she was deprived of her constitutional rights "or that any policy or custom of the City of Hastings or Adams County led to any such deprivation of rights." *Id.* at *5 (quoting *Scheeler v. City of St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005)). The Court found Infante's "allegations fail[ed] to provide grounds for relief, beyond mere speculation," and dismissed the claims without prejudice.

The Court reaches the same conclusions here. First, the plaintiffs do not squarely address the Court's previous recognition (and the State's current argument) that the State and its employees acting in their official capacities are not persons "against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002). The plaintiffs, for the first time in their brief opposing dismissal, raise

10

the possibility of seeking "prospective injunctive relief" at some point in the future. But the plaintiffs made no mention of such relief in the Amended Complaint, seeking only damages, attorney fees, and litigation costs in their prayer for relief. Section 1983 does not support such a claim against the State.

Second, while the plaintiffs present additional claims and allegations against more named defendants than Infante did, they still "have not nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Like Infante, the plaintiffs rely too heavily on labels, conclusions, and "mere speculation." *Infante*, No. 4:15CV3047, 2015 WL 5167267, at *5. The plaintiffs' blanket allegations fail to provide sufficient factual support to state a plausible claim that any defendant deprived them of their rights under the First, Sixth, Eighth, and Fourteenth Amendments, much less that any policy, custom, or practice of any governmental entity "led to any such deprivation of rights." *Id.*; *see also Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) (explaining "an isolated incident of alleged" misconduct, including a plaintiff's "own arrest and detention," generally "cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983").

The plaintiffs point out their Amended Complaint is twice as long as Infante's complaint and assert their "pleading is significantly amplified," but it suffers the same deficiencies. The plaintiffs fail to effectively identify any new or "amplified" factual allegations that materially change the analysis. Indeed, the heart of the plaintiffs' § 1983 claims—though formatted differently—are nearly identical to the claims the Court found insufficient and unduly speculative in *Infante*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, 'it stops short of the line between possibility and plausibility'" and must be dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57).

The plaintiffs' § 1983 claims are dismissed without prejudice.

11

### D. State Tort Claims

Having decided the plaintiffs' § 1983 claims must be dismissed, the Court now turns to their state tort claims. Under 28 U.S.C. § 1367(a) and (c)(3), the Court has discretion to "decline to exercise supplemental jurisdiction over" related state-law claims if the Court "has dismissed all claims over which it has original jurisdiction." That discretion enables the Court to retain jurisdiction over the plaintiffs' state-law claims, remand them to state court, or dismiss them. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7; *accord Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (explaining that where "resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction" (quoting *Farris v. Exotic Rubber and Plastics of Minn., Inc.*, 165 F.Supp.2d 916, 919 (D. Minn. 2001))).

The Court has carefully reviewed the plaintiffs' state-law claims and the relevant factors and finds no compelling reason to exercise supplemental jurisdiction in this case, particularly given the early stage of these proceedings and the nature of the claims the plaintiffs raise against various governmental officials and agencies. Accordingly, the Court will remand the plaintiffs' state-law claims to state court.

IT IS ORDERED:

1. The dispositive motions filed by the State (Filing No. 9), the County defendants (Filing No. 12), and the City defendants (Filing No. 15) are granted in part and denied in part as discussed above.
2. The plaintiffs' 42 U.S.C. § 1983 claims are dismissed with prejudice as to the State and dismissed without prejudice as to all other defendants. The dispositive motions are denied in all other respects.
3. The parties will bear their own attorney fees, costs, and expenses.

13

4.        This case is remanded to the District Court for Adams County, Nebraska.

Dated this 21st day of March, 2017.

                               BY THE COURT:

                               s/ *Robert F. Rossiter, Jr.*
                               United States District Judge